UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-22626-CIV-GOODMAN
[CONSENT CASE]

ZUMA SEGUROS, CA,

    Plaintiff,

v.

WORLD JET OF DELAWARE, INC.,

    Defendant.
_____/

### ORDER ON DEFENDANT'S MOTION TO STRIKE WITNESS FROM PLAINTIFF'S AMENDED TRIAL WITNESS DISCLOSURE OR ALTERNATIVELY TO STRIKE GERARDO VAZQUEZ AS A WITNESS

Defendant World Jet of Delaware, Inc. ("Defendant" or "World Jet") filed a motion [ECF No. 60] to strike Plaintiff Zuma Seguros, CA's ("Plaintiff" or "Zuma") amended trial witness disclosure, which adds Gerardo Vazquez as a witness. [ECF No. 59]. Defendant takes issue with this amendment because Mr. Vazquez is Plaintiff's *current* lawyer. In the words of Lewis Carroll, this case keeps getting "curiouser and curiouser."[1]

Plaintiff waited almost 16 months after the Complaint was filed, and after Defendant filed its summary judgment motion, to notify the Court that Mr. Vazquez

---

[1] LEWIS CARROLL, ALICE'S ADVENTURES IN WONDERLAND, Chapter 2 (Macmillan and Co. 1865).

may need to act as both an advocate and fact witness in this case. The Court must resolve this critical advocate-witness issue before it can rule on Defendant's dispositive summary judgment motion.

Zuma filed a response to World Jet's motion to strike, and World Jet filed a reply to Zuma's response. [ECF Nos. 66; 71]. World Jet also filed a notice that included additional arguments in support of its motion to strike based on the deposition testimony of Zuma's director, Jesus Camargo. [ECF No. 77].[2] After reviewing the parties' filings and the record, the Undersigned **denies** World Jet's motion for the reasons stated below.

**Background**

On September 12, 2016, Plaintiff filed its original witness disclosure. [ECF No. 46]. On November 8, 2016, Plaintiff filed its amended trial witness disclosure, which added Mr. Vazquez as a witness. [ECF No. 59].

The potential for Plaintiff's lawyer to act as a necessary fact witness in this case was not raised as an issue until almost 16 months after the complaint was filed. But now

---

[2] World Jet did not seek leave of court to file this supplement, nor did it obtain permission to set forth additional arguments after it had already filed a reply to Zuma's response. But Zuma did not file a motion to strike this unauthorized supplement, nor did it file a motion for leave to file a sur-reply to address the Camargo-related arguments. Thus, because the Court typically will not raise arguments for the parties that they did not assert themselves, the Court will begrudgingly consider this submission when ruling on World Jet's motion even though Zuma did not have the opportunity to respond to the arguments made about Mr. Camargo's deposition testimony.

2

that it has been raised, the Court is tasked with deciding a fundamental inquiry: whether to permit a disclosure amendment that would allow a current lawyer to testify on behalf of his client at trial.

As an initial point, it is clear to the Court that Mr. Vazquez is a necessary fact witness in this case.[3] Plaintiff's claims are for breach of contract and fraudulent inducement arising out of an aircraft sale gone bad.[4] [ECF No. 1]. Zuma claims that on February 14, 2014 (a date Zuma says is indicative of an agreed-upon extension for payment), Mr. Vazquez, on Zuma's behalf, attempted to make a final payment to World Jet for the aircraft. [ECF No. 61, pp. 7-9, 19-24]. Plaintiff claims that Mr. Vazquez did not ultimately make the actual payment because Mr. Whittington denied Mr. Vazquez access to the aircraft's maintenance and log books. [ECF No. 61, pp. 7-9, 19-24]. Because of this, Mr. Vazquez found that World Jet materially breached its contract with Zuma. [ECF Nos. 1, p. 6; 61, pp. 29-30].

---

[3] The Court reaches its conclusion that Mr. Vazquez's testimony is necessary after reviewing the Complaint; the fully briefed summary judgment motion; and affidavits from Mr. Vazquez and World Jet's president, Mr. Don Whittington. [ECF Nos. 1; 55; 55-1; 61, pp. 1-16, 19-30; 92]. However, the Court will not yet substantively rule on these issues in this Order. Instead, the Court will soon issue a separate order on World Jet's summary judgment motion.

[4] In Plaintiff's response to the summary judgment motion, Plaintiff withdrew Count II of the Complaint (for accounting), and Count IV (for fraudulent misrepresentation against Mr. Whittington) is inapplicable because Mr. Whittington was dismissed as a defendant for lack of service. [ECF Nos. 1, p. 7; 16; 61, p. 9].

3

World Jet argues that Zuma was never assigned the rights to purchase the aircraft. [ECF No. 55, pp. 6-9]. Alternatively, World Jet argues that, if such an assignment exists, then Mr. Vazquez's attempted payment was untimely because February 14, 2014 was not the agreed-upon closing date. Therefore, World Jet contends, Zuma defaulted on its contract with World Jet (assuming that an assignment had been made). [ECF No. 55, pp. 11-13; 55-1, p. 6].

World Jet also argues that there was no contract provision stating that a buyer's access to the log books and maintenance records was a condition precedent to payment. [ECF No. 55-1, pp. 6-7]. In fact, Mr. Whittington's affidavit specifically contends that Mr. Vazquez contacted him not for "the purpose of paying money or inspecting the log books and maintenance records of the Aircraft, but rather" to "take physical possession and custody of the log books and maintenance records." [ECF No. 55-1, pp. 5-6].

If this case goes to trial, then the jury should be able to consider Mr. Vazquez's testimony in determining whether World Jet breached a contract. However, the Court's finding that Mr. Vazquez's testimony is necessary is an entirely different inquiry than *permitting* his testimony based on his current status as Plaintiff's advocate.

## Analysis

Defendant's opposition to the amended trial witness disclosure (i.e., its motion to strike a witness) is based on two arguments: (1) untimeliness of the new witness disclosure, and (2) violation of Rule 4-3.7, Florida Bar Rules of Professional Conduct

4

(because Mr. Vazquez could bolster his client's testimony and present an uncomfortable impeachment scenario for World Jet's counsel during cross-examination). [ECF No. 60, pp. 2-3].

The Court agrees with World Jet that, *at the time it filed its motion to strike*, Zuma's amended trial witness disclosure was untimely. The original trial scheduling report had a September 9, 2016 cut-off date for witness disclosures -- but the amended list was filed on November 8, 2016. [ECF No. 38, p. 5]. However, after World Jet's motion to strike was fully briefed, the Undersigned entered two amended trial scheduling orders, where the first amended order extended the expert disclosures and reports deadlines. [ECF Nos. 68; 81]. The first amended report moved the trial date to June 6, 2017 and gave the parties until December 16, 2016 to file their trial witness disclosures. [ECF No. 68, pp. 1, 5].[5] Therefore, Plaintiff's November 8, 2016 amended trial witness disclosure is now in fact timely under the amended trial scheduling orders, making Defendant's argument as to untimeliness moot. [ECF Nos. 59; 60, p. 2].

As to World Jet's second argument, the Court also agrees that Mr. Vazquez's expected testimony on behalf on his client is contrary to Rule 4-3.7. Under this Rule,

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or

---

[5] The current trial date is now October 23, 2017. [ECF No. 81].

> (4) disqualification of the lawyer would work substantial hardship on the client.

The "purpose of the rule is to prevent the evils that arise when a lawyer dons the hats of both an advocate and witness *for his or her own client*." *Scott v. State,* 717 So. 2d 908, 910 (Fla. 1998) (emphasis in original). Examples of these "evils" include the prejudicial scenarios where the jury may give more weight to a lawyer's testimony or where the lawyer's testimony may differ from the client's own testimony. *Id.* at 910 nn. 9, 10.

In this case, it is clear that the events surrounding the maintenance and log book exchange and the date final payment was due for the aircraft are contested, as illustrated by Mr. Whittington's and Mr. Vazquez's contrary affidavits. [ECF Nos. 55-1, pp. 5-6; 61, pp. 20-24]. Therefore, the first two factors weigh against Mr. Vazquez acting as both an advocate and witness because Mr. Vazquez has personal knowledge about pertinent issues in this case, which World Jet contests with contrary evidence. Nor does the third factor fall in favor of Mr. Vazquez's dual role because the nature and value of his legal services are not at issue in this case.

The last factor also weighs against Mr. Vazquez's continuation in this case as both an advocate and a necessary witness. Although World Jet did not move for Mr. Vazquez's disqualification but asked only for the striking of Mr. Vazquez as a witness [ECF No. 60, p. 2 n. 1], Zuma "will agree to stipulate to the disqualification of Mr. Vazquez personally as counsel for Plaintiff." [ECF No. 66, p. 4].

But Plaintiff takes no issue with Mr. Vazquez withdrawing from the case as trial counsel and instead agrees that he will be a trial witness only, so there is no prejudice to Defendant. This development eliminates potential confusion for the jury or the likelihood that Mr. Vazquez will bolster his client's own testimony or have an unpleasant showdown with opposing counsel during cross-examination. *Cf. AlliedSignal Recovery Trust v. AlliedSignal, Inc.*, 934 So. 2d 675, 678 (Fla. 2d DCA 2006) (finding that a testifying attorney may "prejudice the opposing party by bolstering the lawyer's testimony for his client because it comes from **an advocate**.") (emphasis added) (citing *Scott*, 717 So. 2d at 910).

This scenario benefits both parties because Mr. Vazquez will not participate as an advocate at trial, thus eliminating potential harm to Defendant, and Plaintiff is not prejudiced because Mr. Steven Herzberg, another attorney from Mr. Vazquez's firm who is familiar with the proceedings, may continue to represent Plaintiff at trial. However, in its reply, World Jet claims that it is still prejudiced because it has "to speculate as to just what [Mr. Vazquez's] testimony could or might be, and just why/how it is or might be central to the prosecution of Zuma's case." [ECF No. 71, p. 2]. The Court is not convinced by World Jet's statement.

World Jet's argument is not persuasive because its counsel took Mr. Vazquez's deposition and thoroughly asked him about his anticipated trial testimony. For example, World Jet's counsel asked Mr. Vazquez, "What is it that you understand you

7

are expected to testify to in this case? What facts?" [ECF No. 85-1, p. 10]. Mr. Vazquez responded, "Well, all facts that I'm aware of which occurred in my presence. And I would say specifically the events that transpired on February the 14th, 2014." [ECF No. 85-1, p. 10]. Clearly, World Jet is not left in the dark about Mr. Vazquez's expected testimony because it spent almost five hours asking him about his expected testimony and his affidavit at the deposition.

Furthermore, even though it is clear to the Court that Mr. Vazquez was a necessary witness from the start of the case, his participation in the pre-trial proceedings thus far is permissible under Florida law. This is because Rule 4-3.7 focuses on the harm an advocate may cause when that advocate testifies on behalf of a client "at a trial" only. *Columbo v. Puig*, 745 So. 2d 1106, 1107 (Fla. 3d DCA 1999) (finding that an advocate who was a necessary witness could represent the client before the start of the trial and after the judgment is rendered); *Fleitman v. McPherson*, 691 So. 2d 37, 38 (Fla. 1st DCA 1997) (permitting attorney who was a necessary witness to participate in pretrial proceedings only and disqualifying that attorney, but not his entire law firm, from participating at trial).

The only conceivable problem for World Jet, which the Court assumes is why it did not withdraw its motion to strike after Zuma's stipulation to not use Mr. Vazquez as trial counsel, is that Mr. Vazquez's testimony would contradict Mr. Whittington's expected testimony about what happened on the day Mr. Vazquez claims final payment

8

was due for the aircraft. Of course, World Jet wants Mr. Vazquez struck as a potential witness because that benefits its case. However, benefitting its case alone, without any real showing of prejudice, does not move the Court to grant its motion. *See Davison v. First Fed. Sav. & Loan Ass'n of Orlando*, 413 So. 2d 1258, 1259 n. 1 (Fla. 5th DCA 1982) ("appellee says because it is unethical for a lawyer to be a witness in a case, that witness' evidence is inadmissible. That is not correct. If the lawyer must present testimony as a witness then she should be excluded as a lawyer in the cause, not excluded as a witness.").

Furthermore, World Jet's reply to Zuma's response does not address the second part of Rule 4-3.7: whether Mr. Hertzberg may represent Plaintiff at trial where it is likely that another lawyer at his firm, Mr. Vazquez, will testify at trial. *See* Rule 4-3.7(b) ("A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4-1.7 or 4-1.9.").

Because World Jet does not claim that Mr. Hertzberg's status as trial counsel presents a conflict of interest under Rules 4-1.7 or 4-1.9, and Plaintiff states that no conflicts exist, the Court finds it permissible to allow Mr. Hertzberg to stay on as counsel for the remainder of the case, including trial. *See City of Lauderdale Lakes v. Enter. Leasing Co.*, 654 So. 2d 645, 646 (Fla. 4th DCA 1995) (finding that "trial court departed from the essential requirements of law in disqualifying the entire firm" where "only one

attorney would be called as a witness and there was no indication that his testimony would be adverse to his client's position.").

Therefore, the Court **denies** World Jet's motion to strike the amended trial witness disclosure, permits Mr. Vazquez to testify on behalf of Zuma at trial, and permits Mr. Hertzberg to serve as Zuma's trial counsel. Furthermore, the Court requires Mr. Vazquez to formally withdraw from the case, by filing a notice on CM/ECF before the final pretrial conference or before October 16, 2017.

**DONE and ORDERED** in Chambers, in Miami, Florida, on August 28, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record