UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-22626-CIV-GOODMAN
[CONSENT CASE]

ZUMA SEGUROS, CA,

    Plaintiff,

v.

WORLD JET OF DELAWARE, INC.,

    Defendant.
_____/

## OMNIBUS ORDER ON MOTIONS IN LIMINE

Defendant World Jet of Delaware, Inc. filed four motions in limine. [ECF Nos. 100-103]. Plaintiff Zuma Seguros, CA filed three opposition responses, and one response conceding the relief sought in World Jet's first motion in limine. [ECF Nos. 111-114]. No replies were permitted. [ECF No. 81, p. 5]. After reviewing the parties' filings and the record, the Court **denies** in large part World Jet's motions.

**LEGAL STANDARD AND ANALYSIS**

The Court has broad discretion to determine the admissibility of evidence. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly

inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). The Court will address each of World Jet's motions in turn, below.

First Motion in Limine

World Jet's first motion requests that the Court enter an order "excluding evidence of and preventing and prohibiting the Parties, Witnesses, and Counsel from referring to or testifying about the condition of the subject aircraft at the time of delivery and/or maintenance of the subject aircraft after delivery[.]" [ECF No. 100, p. 1]. Zuma does not contest this motion. [ECF No. 111, p. 1]. Therefore, the Court **grants** World Jet's first motion in limine.

Second Motion in Limine

World Jet's second motion requests that the Court enter an order "prohibiting and preventing the Parties, Witnesses and Counsel from referring to or testifying regarding an unauthenticated copy of a challenged document and its contents[.]" [ECF Nos. 101; 101-1]. The Court has previously referred to this document in its Summary Judgment Order as the "Extension Document," or the document which allegedly extends Zuma's final payment date for the subject aircraft. [ECF No. 98, p. 8]. The parties do not dispute that the Extension Document is a copy and not an original document.

World Jet has taken a consistent position in this litigation that this document is fabricated. [ECF Nos. 55; 88]. The Court has previously found that a ruling as to the Extension Document's authenticity is premature. [ECF No. 99]. Now, at the motion in limine stage, World Jet is seeking to exclude this document under Federal Rules of Evidence 1002 and 1003.

Rule 1002 states that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. Rule 1003 states that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. World Jet claims that because the Extension Document's authenticity is disputed, the duplicate of the original letter is inadmissible.

The Court disagrees. Under Rule 1004(a), "[a]n original is not required and other evidence of the content of a writing" is admissible if "all the originals are lost or destroyed, and not by the proponent acting in bad faith." Fed. R. Evid. 1004(a). The parties do not dispute that the original document, if one exists, is lost. World Jet's motion does not claim that the original document was lost due to Zuma's bad faith. Therefore, the Court **denies** World Jet's motion in limine based on Rule 1004(a)'s applicability.

Third Motion in Limine

World Jet's third motion requests that the Court enter an order "excluding/precluding (i) any reference to Gerardo Vazquez, a person expected to be called to testify by Plaintiff at the time of trial, as an attorney or member of the Bar, and preventing and prohibiting the Parties, Witnesses and Counsel from referring to Gerardo Vazquez as an attorney or member of the Bar, including any testimony by Gerardo Vazquez that he is an attorney or member of the Bar, and (ii) prohibiting any opinion testimony by Gerardo Vazquez regarding aviation industry customs and practices[.]" [ECF No. 102, p. 1].

In this Court's Order denying World Jet's motion to strike Vazquez as a witness [ECF No. 96], the Court found that Vazquez is a necessary witness but required him to withdraw as Zuma's trial counsel to eliminate potential confusion to the jury or prejudice to World Jet. Vazquez has withdrawn from this case. [ECF No. 110]. Because the risk of prejudice or potential confusion has been eliminated, the Court **denies in part** World Jet's motion and permits at trial all references and testimony indicating that Vazquez is an attorney and member of the bar. The Court finds that this information is relevant to the jury's understanding of the events that transpired on February 14, 2014, the date of World Jet's alleged breach.

As to World Jet's second request regarding limiting Vazquez's opinion testimony, Zuma has expressly and unequivocally represented that his testimony will

4

not "be regarding customary procedures [or] industry standards in the aviation industry." [ECF 113, p. 3]. Based on this representation to the Court, World Jet's motion is **granted in part** and Vazquez shall not testify as to aviation industry standards.

To be clear, Vazquez may still testify as a fact witness about (1) the actions he took on February 14, 2014; (2) the reasons he took those actions; (3) the facts and background information leading up to the events on February 14, 2014; (4) his inability to assure the existence of the subject aircraft's log books; (5) his inability to obtain the subject aircraft's log books; (6) what information is included in an aircraft's log books; and (7) the impact the log books may have on the subject aircraft's resale value. But, as noted above, Vazquez may not link this testimony to aviation industry standards.

Fourth Motion in Limine

World Jet's fourth motion requests that the Court enter an order "excluding any evidence of, and preventing and prohibiting the Parties, Witnesses and Counsel from referring to or testifying about, any damages (money paid) that was not directly remitted to World Jet by Plaintiff." [ECF No. 103, p. 1].

Although World Jet's argument has some merit, that Zuma may not be able to recover payments made by third parties to World Jet for the aircraft based solely on an oral assignment of a purchase agreement, the Court finds that the more-prudent course of action is to allow Zuma to present evidence (if any) to the jury about its entitlement to reimbursement-type damages. Therefore, Zuma must present evidence (and be

prepared to advance legal argument) that, as the assignee of a **purchase contract** for the aircraft, it is entitled to be reimbursed by World Jet for aircraft deposits made by *other* parties.

Depending on how Zuma presents this evidence, World Jet may be able to reassert its argument at trial by making a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50. However, at this time, the fourth motion in limine is **denied.**

**CONCLUSION**

The Court **grants** World Jet's first motion in limine, **denies** World Jet's second and fourth motions in limine, and **grants in part and denies in part** World Jet's third motion in limine.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on October 13, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
All Counsel of Record